IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| RONDA SMYTHE; LIANA P. KANNO, | ) ) ) | CASE NO. CV 21-00056 LEK-RT (Consolidated Case for Purposes of Pretrial Proceedings and Discovery) |
| Plaintiffs, | ) ) | |
| vs. | ) ) | MEMORANDUM IN SUPPORT OF MOTION |
| BRANDON SAFFEELS; COUNTY OF MAUI; JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10; DOE CORPORATIONS 1-10; AND DOE ENTITIES 1-10, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |
| ALISHA N.K. CONSTANTINO, | ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| BRANDON SAFFEELS; COUNTY OF MAUI; JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10; DOE CORPORATIONS 1-10; AND DOE ENTITIES 1-10, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## TABLE OF CONTENTS

Table of Authorities ...........................................................................ii-iv

I.     INTRODUCTION .................................................................1

II.    FACTUAL BACKGROUND....................................................3

III.   STANDARD OF REVIEW ....................................................6

IV.    LEGAL ARGUMENT ..........................................................6

       A.   The Subpoena Must Be Quashed and A Protective Order
            Entered Pursuant to the Qualified Privilege for Journalists.................6

            1.   Ms. Kawano Qualifies for the Journalist's Privilege in Relation
                 to this Subpoena .........................................................6

            2.   The Qualified Privilege for Journalists Bars the Requests Made
                 of Ms. Kawano in the Subpoena ..................................2

                 a.   The County of Maui has Not Exhausted Alternative
                      Sources and The Information Can be Obtained from
                      Parties in the Case or Their Counsel .............................10

                 b.   The Information Sought in the Subpoena is
                      Cumulative....................................................16

                 c.   The Information Sought in the Subpoena is Not
                      Remotely Relevant to the Subject Matter of this Case...18

       B.   The Subpoena Seeks Information Not Reasonably Calculated to
            Lead to Admissible Evidence............................................20

       C.   The Subpoena Seeks Information that Could be Obtained from
            Actual Parties to the Present Action....................................22

V.     CONCLUSION.................................................................24

TABLE OF AUTHORITIES

## *Cases*

Branzburg v. Hayes, 408 U.S. 665, 681, 707 (1972)...................................................7

Castlerock Farming & Transp., Inc., 282 F.R.D. 492, 505 (E.D. Cal. 2012 ..........23

Cleveland Clinic Health Sys.-E. Region v.Innovative Placements, Inc.,
2012 WL 187979, at *2 (N.D. Ohio Jan. 23, 2012) ................................................23

Condit v. Nat'l Enquirer, Inc., 289 F. Supp. 2d 1175, 1177 (9th Cir. 2003) ............10

Genus Lifesciences Inc. v. Lannett Co., 2019 U.S. Dist. LEXIS
222550 *10-11 (N.D. Cal. Dec. 30, 2019)................................................ 21-22, 23

Goldberg v. Amgen, 123 F. Supp. 3d 9, 20 (D.D.C. 2015).....................................11

Gonzales v. Nat'l Broad. Co., 194 F.3d 29, 35 (2d Cir. 1998)...........................9, 12

Henry v. Morgan's Hotel Grp., Inc., 2016 U.S. Dist. LEXIS 8406, at *8-9 (S.D.N.Y.
Jan. 25, 2016) ........................................................................................................21

Hutira v. Islamic Republic of Iran, 211 F. Supp. 2d 115, 122 (D.D.C. 2002) ........12

Jeanty v. City of Utica (In re Motion to Quash Subpoena to Parker), 2019 U.S.
Dist. LEXIS 151980, at *16...............................................................................10, 11

Krase v. Graco Children Prods. (In re Nat'l Broad. Co.), 79 F.3d 346, 353 (2d Cir.
1996) ................................................................................................................11, 12

LaRouche v. Nat'l Broadcasting Co., Inc., 780 F.2d 1134 (4th Cir.
1986) cert. denied, 479 U.S. 818, 93 L. Ed. 2d 34, 107 S. Ct. 79 (1986) ...............10

McCall v. State Farm Mut. Auto. Ins. Co., 2017 WL 3174914,
at *9 (D. Nev. July 26, 2017)...................................................................................21

MP Nexlevel of Cal., Inc. v. CVIN, LLC, 2016 U.S. Dist. LEXIS 48621 *13 (E.D.
Cal Apr. 11, 2016)...................................................................................................21

O'Connor v. Uber Techs., Inc., 2016 U.S. Dist. LEXIS 3738, at *14-15 (N.D. Cal. Jan. 11, 2016) ...................................................................................21

Ow v. United States, 2018 U.S. Dist. LEXIS 227748, at *2
 (N.D. Cal. June 12, 2018) ...............................................................23

Parsons v. Watson, 778 F. Supp. 214, 219 (D. Del. 1991)...............................12, 17

Peck v. City of Boston (In re Slack), 768 F. Supp. 2d 189, 193 (D.D.C. 2011) .......7

Penland v. Long, 922 F. Supp. 1080, 1083 (4th Cir. 1995)....................................10

Sagebrush Sols., LLC v. Health Mgmt. Sys. (In re CareSource Mgmt. Grp. Co.),
289 F.R.D. 251, 253-54 (S.D. Ohio 2013)...............................................23

Schoolcraft v. City of N.Y., 2014 U.S. Dist. LEXIS 56033, at *19 (S.D.N.Y. Apr.
18, 2014) .....................................................................................16

Shoen v. Shoen, 5 F.3d 1289, 1292, 1293 (9th Cir. 1993) ................................7, 8, 9

Shoen v. Shoen, 48 F.3d 412, 414, 416  (9th Cir. 1995) ................6, 7, 8, 10, 16, 18

Sikelianos v. City of N.Y. (In re Subpoena Directed to the AP), 2008 U.S. Dist.
LEXIS 47560, at *4 (S.D.N.Y. June 18, 2008) .......................................18

Singer v. Harris, 2016 U.S. Dist. LEXIS 194414, at *6
(E.D. Ark. May 16, 2016) ..................................................................11

Soto v. Castlerock Farming & Transp., Inc., 282 F.R.D.
492, 505 (E.D. Cal. 2012)..................................................................23

United States v. Burke, 700 F.2d 70, 78 (2d Cir. 1983) .........................................16

United States v. Capers, 708 F.3d 1286, 1303 (11th Cir. 2013)............................13

United States v. Smith, 1996 U.S. Dist. LEXIS 9310, at *4-5 (E.D. La. July 2,
1996) ............................................................................................16

Wright v. Fred Hutchinson Cancer Research Ctr., 206 F.R.D. 679, 682 (W.D.
Wash. 2002) ..............................................................................12, 18

## *Rules*

Fed. R. Civ. P. 26 ............................................................................................ 2

Fed. R. Civ. P. 26(b)(1) ................................................................................. 20

Fed. R. Civ. P. 34 .......................................................................................... 13

Fed. R. Civ. P. 45 ........................................................................................ 2, 6

Fed. R. Civ. P. 45(c) ....................................................................................... 6

FRCP Rule 45(d)(3) ....................................................................................... 6

Fed. R. Civ. P. 45(d)(2)(B)(ii) ..................................................................... 22

<u>MEMORANDUM IN SUPPORT OF MOTION</u>

I.    <u>INTRODUCTION</u>

   Non-Party Gray Media Group Inc., d/b/a KGMB/KHNL, owner and

operator of Hawaii News Now, and its reporter Lynn Kawano (together, "HNN")

respectfully request that the Court enter a protective order against and/or quash

Defendant County of Maui's First Amended Notice of Taking Deposition Upon

Oral Examination of Lynn Kawano and Production of Documents, served

November 10, 2022 ("Subpoena").  The Subpoena is attached hereto as Exhibit A.

The Subpoena seeks information from Ms. Kawano in her role as an investigative

journalist.  Specifically, the County of Maui seeks information related to Plaintiffs'

retention of counsel, Michael Green, Esq.  and Ms. Kawano's relationship to Mr.

Green as it relates to the filing of this action – neither issue is remotely related to

admissible evidence on the subject matter of this case.  The County of Maui

characterizes the requests for information as follows:

1.    Any attorney referral agreement or client referral agreement between Michael Green, or any law firm associated with Michael Green, and Lynn Kawano, or any business entity that employs Lynn Kawano;
2.    All communications to or from Michael Green, or his employees or agents, relating to Brandon Saffeels; and
3.    All communications with or relating to: (1) Ronda Smythe; (2) Liana Kanno; or (3) Alisha N.K. Constantino.

<u>See</u> Exhibit A, p.4.  A plain reading of the above demonstrates that the requested

information is either: (1) protected by the journalist's privilege; (2) not reasonably

calculated to lead to the discovery of information related to the subject matter of this case; (3) contains information that is available through the existing parties or their counsel; or (4) HNN or Kawano do not have because of standard news agency retention policies.

Fundamentally, this Motion seeks a protective order because the County of Maui cannot subpoena a journalist out of mere convenience or as part of a fishing expedition on areas that have nothing to do with the subject matter of this case.  It is black letter law that requests for depositions and documents of a journalist concerning information obtained during the newsgathering process without good cause violates the qualified journalist's privilege afforded protection under the First Amendment of the U.S. Constitution.  Moreover, Defendant County of Maui's request imposes an unnecessary and disproportionate burden on HNN and Ms. Kawano for information not reasonably calculated to the lead to the discovery of admissible evidence in violation of Fed. R. Civ. P. 26 and Fed. R. Civ. P. 45.  Last, a review of the record in this case demonstrates that the County of Maui has made no meaningful effort to obtain the information requested in the Subpoena from the actual parties to this case, or their attorneys.  There are no docket entries in this matter for discovery motions, status conferences, or other efforts to seek any relief related to the information requested in the Subpoena. HNN can only surmise that the County of Maui has not done so because it knows

that the information it seeks is not reasonably calculated to lead to the discovery of admissible evidence in this case and is apparently for the purpose of attacking Plaintiffs' counsel – Mr. Green.

Given the foregoing, HNN respectfully requests that the Court issue an appropriate order quashing the Subpoena and preventing Defendant County of Maui from seeking testimony and documents from Ms. Kawano.

## II.   FACTUAL BACKGROUND

Lynn Kawano is a renowned award-winning investigative journalist and reporter for HNN, a local news network serving the Hawaiian Islands.  In 2019, Ms. Kawano investigated allegations that Defendant Brandon Saffeels abused his authority as a Maui County Police Officer by blackmailing and harassing Plaintiffs Ronda Smythe, Liana P. Kanno, and Alisha N. K. Constantino (collectively "Plaintiffs") on multiple occasions to coerce and/or solicit sexual favors.  On or about April 21, 2019, HNN broadcast news reports regarding Ms. Kawano's investigation, and Defendant Saffeels was later terminated from the Maui County Police Department, arrested and convicted on several criminal acts that arise from sexual misconduct.  See Declaration of David R. Major ("Major Dec.) at ¶ 3; see also Exhibits B – Indictment and Exhibit C – Sentencing Statement.  While links of those reports remain available to the public and the County of Maui, HNN's counsel (through the conferral process) has informed the

County of Maui that its retention policy does not permit the maintenance of records, reels or other independent information for reports going back that far in time.  See Major Dec. at ⁋ 4.

Apparently because of Defendant Saffeels' actions, Plaintiffs filed two separate complaints alleging claims against Defendant Saffeels and Defendant County of Maui that ultimately were submitted to the jurisdiction of the United States District Court for the District of Hawaii – Civil Nos. 1:21-CV-00056-LEK-RT and 1:21-CV-00316-JMS-RT.  See USDC Civil No: 1:21-CV-00056-LEK-RT at [DKT. 1] and USDC Civil No: 1:21-CV-00316-JMS-RT at [DKT. 1].  Those two civil matters were consolidated by stipulation of the parties on May 16, 2022 for the purpose of conducting discovery and addressing all pretrial proceedings. See USDC Civil No: 1:21-CV-00056-LEK-RT at [DKT. 91].   After a series of amendments to the pleadings, on May 3, 2021, Plaintiffs Smythe and Kanno filed a Second Amended Complaint for Injunctive Relief and Damages ("Smythe/Kanno Complaint").  See Exhibit D.  On July 23, 2021, Plaintiff Constantino also filed a Complaint for Injunctive Relief and Damages ("Constantino Complaint") in the United States District Court for the District of Hawaii.  See Exhibit E.  A thorough review of both the Smythe/Kanno Complaint and the Constantino Complaint (sometimes collectively referred to as the "Complaints") demonstrates that the subject matter of these actions are Mr. Saffeels' alleged misconduct and whether

4

the County of Maui failed to supervise and monitor its employees (in this case Mr.

Saffeels) within the applicable standards of care.  See  generally Exhibits D and E.

On October 13, 2022, Defendant County of Maui issued an initial

subpoena to non-party Ms. Kawano.  See USDC Civil No: 1:21-CV-00056-LEK-

RT at [DKT. 117].  On October 31, 2022, counsel for Ms. Kawano served

Defendant County of Maui with a Fed. R. Civ. P. 45 Objection Letter ("Objection

Letter").  See Exhibit F.  On November 1, 2022, Defendant County of Maui served

a Response Letter to the Objection Letter.  See Exhibit G.  On November 4, 2022,

counsel for HNN and counsel for Maui County conferred on the Subpoena ("Meet

and Confer").  See Major Dec. at ℙ 5.  On November 10, 2022, counsel for HNN

agreed to accept service of the Subpoena, which was reissued because the initial

subpoena had certain procedural defects regarding timing.  See Major Dec. at ℙ 6;

Exhibit A.  The Subpoena once again referenced the following areas:

1. Any attorney referral agreement or client referral agreement between Michael Green, or any law firm associated with Michael Green, and Lynn Kawano, or any business entity that employs Lynn Kawano;

2. All communications to or from Michael Green, or his employees or agents, relating to Brandon Saffeels; and

3. All communications with or relating to: (1) Ronda Smythe; (2) Liana Kanno; or (3) Alisha N.K. Constantino.

Exhibit A, p. 4.  On that same day, counsel for the County of Maui agreed that the

Objection Letter and all objections discussed in the Meet and Confer on the initial

subpoena applied equally to the Subpoena that is the subject matter of this Motion.

<u>See</u> Major Dec. at ¶ 7.

III.   <u>STANDARD OF REVIEW</u>

Rule 45 of the Federal Rules of Civil Procedure provides in relevant part as

follows:

> *Quashing or Modifying a Subpoena.*
> (A) When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
>     (i) fails to allow a reasonable time to comply;
>     (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
>     (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
>     (iv) subjects a person to undue burden.

FRCP Rule 45(d)(3).  Where the journalist's privilege is validly asserted, the

requesting party bears the burden of overcoming said privilege.  <u>See</u> <u>Shoen v.</u>

<u>Shoen</u>, 48 F.3d 412, 416 (9th Cir. 1995).

IV.   <u>LEGAL ARGUMENT</u>

A.   The Subpoena Must Be Quashed and A Protective Order
      <u>Entered Pursuant to the Qualified Privilege for Journalists</u>

1.   Ms. Kawano Qualifies for the Journalist's Privilege in Relation
      <u>to this Subpoena</u>

Ms. Kawano cannot be compelled to produce information subject to

the qualified journalist's privilege under the facts of this case.  There can be no

material dispute that Ms. Kawano compiled the requested information either during

or as a result of her newsgathering investigation into Defendant Saffeels' activities.

The United States Supreme Court recognized in <u>Branzburg v. Hayes</u>, that "without some protection for seeking out the news, freedom of the press could be eviscerated." <u>Branzburg v. Hayes</u>, 408 U.S. 665, 681, 707 (1972). Influenced by <u>Branzburg</u>, eight of the federal circuits, including the Ninth Circuit, have held that the First Amendment protected the newsgathering process. <u>See</u> <u>e.g.</u>, <u>Shoen v. Shoen</u>, 48 F.3d 412, 414 (9th Cir. 1995) ("<u>Shoen II</u>") ("all but one of the federal circuits to address the issue have interpreted [<u>Branzburg</u>] as establishing a qualified privilege for journalists against compelled disclosure of information gathered in the course of their work"); <u>Shoen v. Shoen</u>, 5 F.3d 1289, 1292 (9th Cir. 1993) ("<u>Shoen I</u>") (holding that <u>Branzburg</u> was a "partial First Amendment shield that protects journalists against compelled disclosure in all judicial proceedings, civil and criminal alike"); <u>Peck v. City of Boston (In re Slack)</u>, 768 F. Supp. 2d 189, 193 (D.D.C. 2011) ("Courts have recognized a qualified privilege under the First Amendment for reporters to protect them from compelled disclosure of information, which they have obtained as part of their news gathering role"). As such, the journalist's privilege may be invoked where a person had "the intent to use material—sought, gathered or received—to disseminate information to the public and such intent existed at the inception of the newsgathering process." <u>Shoen I</u>, 5 F.3d at 1293.

While subsequent sections will address the multi-factored balancing test and interests related thereto, there is no credible reason why the qualified privilege for journalists would not apply to the Subpoena and to the circumstances of this case.  Ms. Kawano's only relation to the Plaintiffs was expressly part of the newsgathering process and there does not appear to be any dispute that Ms. Kawano's intent was "to use the material—sought, gathered, or received—to disseminate information to the public" regarding Defendant Saffeels' alleged abuse of power and illegal activities.  See Shoen I, 5 F.3d at 1293.  The County of Maui is now seeking to issue a Subpoena to Ms. Kawano and compel her testimony solely because of her unique role and news gathering relationship to the Plaintiffs and their counsel.  Accordingly, the application of the privilege is appropriate pursuant to this Motion and the burden is on the County of Maui to overcome the qualified privilege for journalists.

2.     The Qualified Privilege for Journalists Bars the Requests Made of Ms. Kawano in the Subpoena

The qualified privilege must be applied to quash the Subpoena because the County of Maui cannot meet the multi-factor balancing test used by the courts to protect society's First Amendment interests in media activities.  The privilege "is a recognition that society's interest in protecting the integrity of the news gathering process, and in ensuring the free flow of information to the public, is an interest of sufficient social importance to justify some incidental sacrifice of

8

sources of facts needed in the administration of justice." Shoen I, 5 F.3d at 1292 (emphasis added); see e.g., Gonzales v. Nat'l Broad. Co., 194 F.3d 29, 35 (2d Cir. 1998) (stating that "the broader concerns undergirding the qualified privilege for journalists" included "the pivotal function of reporters to collect information for public dissemination and the paramount public interest in the maintenance of a vigorous, aggressive and independent press capable of participating in robust, unfettered debate over controversial matters"). The goal in applying the privilege is to avoid: (1) "burden[ing] the press with heavy costs of subpoena compliance;" (2) impairing the press' "ability to perform its duties;" (3) incentivizing the press "to clean out files containing potentially valuable information;" and (4) "the symbolic harm of making journalists appear to be an investigative arm of the judicial system, the government, or private parties." Gonzales, 194 F.3d at 35. Moreover, where the journalist's privilege for non-confidential information is validly asserted, the requesting party bears the burden of overcoming said privilege. See Shoen II, 48 F.3d at 416. The Ninth Circuit has recognized that the privilege can include both *per se* confidential (such as confidential informant identities) and non-confidential materials (materials and information gathered as part of newsworthy activities). The Ninth Circuit has recognized as follows:

> We therefore hold that where information sought is not confidential, a civil litigant is entitled to requested discovery notwithstanding a valid assertion of the journalist's privilege by a nonparty **only upon a showing** that the requested material is: **(1) unavailable despite**

9

**exhaustion of all reasonable alternative sources; (2)
noncumulative; and (3) clearly relevant to an important issue in
the case**. *Shoen II*, 48 F.3d at 416.

Condit v. Nat'l Enquirer, Inc., 289 F. Supp. 2d 1175, 1177 (9th Cir. 2003)(emphasis

added).  Other circuits have also recognized a multi-factor balancing test as

follows:

> In *LaRouche v. Nat'l Broadcasting Co., Inc.,* 780 F.2d 1134 (4th Cir.
> 1986), *cert. denied,* 479 U.S. 818, 93 L. Ed. 2d 34, 107 S. Ct. 79
> (1986), the Fourth Circuit adopted the balancing test . . . . Under this
> test, a court must consider: **(1) whether the information is relevant,
> (2) whether the information can be obtained by alternative means,
> and (3) whether there is a compelling interest in the information.**

Penland v. Long, 922 F. Supp. 1080, 1083 (4th Cir. 1995) (emphasis added).  The

County of Maui cannot meet any of the factors in the multi-factored test to be

considered by the Court.

        a.    The County of Maui has Not Exhausted Alternative
               Sources and The Information Can be Obtained from
               Parties in the Case or Their Counsel

The Subpoena should be quashed because Defendant County of Maui

cannot show "that the requested material is: (1) unavailable despite exhaustion of

all reasonable alternative sources . . ."  Shoen II, 48 F.3d at 416.   Courts have held

that "[e]stablishing unavailability requires a showing that Plaintiff attempted to

obtain the information from another source or cannot obtain the information from

another source."  Jeanty v. City of Utica (In re Motion to Quash Subpoena to

Parker), 2019 U.S. Dist. LEXIS 151980, at *16 (N.D.N.Y. Sep. 6, 2019; see, e.g.,

Goldberg v. Amgen, 123 F. Supp. 3d 9, 20 (D.D.C. 2015) (quashing subpoena for non-confidential information where party failed to subpoena or depose "obvious alternative sources"); Singer v. Harris, 2016 U.S. Dist. LEXIS 194414, at *6 (E.D. Ark. May 16, 2016) (granting motion to quash where subpoenaing party "has not shown that he has exhausted every reasonable alternative source of information," including the other participant in the meeting).  Further, the courts have held that reasonable alternative sources are not required to produce the information in the format requested, just the specific relevant information is acceptable.  See, e.g., Wright v. Fred Hutchinson Cancer Research Ctr., 206 F.R.D. 679, 682 (W.D. Wash. 2002) (noting that while plaintiffs' testimony would not be as detailed as the subpoenaed communications between the newspaper and plaintiffs, defendant's statute of limitation defense is often established through testimony, and such testimony and documents already produced may preclude further discovery from the newspaper); Krase v. Graco Children Prods. (In re Nat'l Broad. Co.), 79 F.3d 346, 353 (2d Cir. 1996) (holding that defendant did not exhaust all alternative sources as the relevant information gained from the requested outtakes, which defendant argued was essential to its defense, could have been acquired from the testimony of other parties); [1] Jeanty v. City of Utica (In re Motion to Quash

---

[1]   While the Second Circuit enforced the journalist's privilege in Krase based on New York's shield law, the Court "expressly noted…that the contours of the

Subpoena to Parker), 2019 U.S. Dist. LEXIS 151980, at *15 (N.D.N.Y. Sep. 6, 2019) (quashing a subpoena because the relevant information from the requested outtakes could be available from other sources, such as through a deposition). The courts noted that "[t]he most logical source of information about a conversation is a participant or someone who was present during the conversation." Parsons v. Watson, 778 F. Supp. 214, 219 (D. Del. 1991); see, e.g., Wright, 206 F.R.D. at 682. Where the opposing party's discovery response is unsatisfactory, the requesting party is still obligated "to at least attempt to obtain the information through other avenues, such as depositions and/or motions to compel." See Wright, 206 F.R.D. at 682. A journalist should only be the source of last resort once it is firmly established that the information cannot be obtained from another source, even in instances where the requesting party would have considerable difficulty obtaining the information from alternative sources. See, e.g., Hutira v. Islamic Republic of Iran, 211 F. Supp. 2d 115, 122 (D.D.C. 2002) ("the Court is well aware that the plaintiff may have considerable difficulty obtaining the information based on the timing of the relevant events. This difficulty does not, however, relieve [plaintiff] of trying initially to obtain the information elsewhere. The Court concludes that this factor weighs so heavily in favor of quashing the

---

privilege under federal law are identical to those under the applicable New York statute." Gonzales, 194 F.3d at 34 (citing Krase, 79 F.3d at 353).

subpoena, that it does not need to address the other factors specifically"); United States v. Capers, 708 F.3d 1286, 1303 (11th Cir. 2013) (quashing a subpoena in a criminal case where an unexhausted reasonable alternative source was the police).

The Subpoena seeks attorney referral agreements, client referral agreements, and communications between Ms. Kawano, Plaintiffs, and Mr. Green. The County of Maui has stated that the Plaintiffs did not produce the requested information pursuant to Fed. R. Civ. P. 34 document production requests. See Exhibit G, p. 7. The County of Maui relies on a single email exchange between counsel. See id. To be clear, this is not even remotely close to meeting the applicable standard. The County of Maui could issue further written discovery for the purpose of addressing the representation or related issues raised in the Subpoena. The County of Maui could further depose Plaintiffs concerning the alleged content of their communications with Ms. Kawano or Mr. Green – to the extent the County of Maui apparently believes such communications with Mr. Green are non-privileged. The County of Maui could also have filed a motion to compel the requested information from Plaintiffs like it did when it filed its Motion to Compel and Request for Monetary Sanctions ("Motion to Compel"), on December 22, 2021. See USDC Civil No: 1:21-CV-00056-LEK-RT at [DKT. 65] There, Defendant County of Maui sought damage calculations, Plaintiff Kanno's answer to Interrogatory 12, and other request for admissions. Notably, the Motion

to Compel did not seek any of the information currently being subpoenaed, and, on January 13, 2022, the Motion to Compel was withdrawn without prejudice upon Plaintiffs' further clarification and supplemental disclosures and responses. See id. at [DKT. 73]. The County of Maui never filed a motion to compel for production of the requested documents, and a motion to compel Plaintiffs remains a reasonable unexhausted alternative source. In fact, the docket does not even reflect that the County of Maui requested a status conference with the Court regarding these issues. See generally id.

The County of Maui apparently seeks information concerning a call between Plaintiff Constantino and Defendant Saffeels that Plaintiff Constantino recorded and now cannot produce. See Exhibit B at 4. Plaintiff Constantino expressly stated in her deposition that, "I turned [the recording of the phone call] over to Michael Green, but I don't remember if Lynn – I don't – I'm not sure." Exhibit H at 4.[2] Based on her own testimony, Mr. Green is a reasonable alternative source since Plaintiff Constantino gave him a recording of the phone call and cannot even recall if Ms. Kawano has it. Moreover, Defendant Saffeels could

---

[2] HNN has a records retention policy for materials related to reporting as well as the actual reports. As the Court can surmise, it would be nearly impossible for HNN to have kept all the materials for all of the stories that it has done in the last several years. While HNN does not believe that it is appropriate to respond to the Subpoena, HNN notes that it is highly unlikely that it has any written or recorded materials related to 2019 reports due to its retention policy.

14

consent to his cell phone carrier providing any information that it has with respect to the call or even provide access to the phone used.  As the County of Maui indicates that the call is important to the issue of who initiated the relationship between Plaintiff Constantino and Defendant Saffeels, another reasonable alternative source would be call logs from the parties' respective telephone companies, or through a further deposition.  See id.  Defendant Saffeels was also the subject of a thorough police investigation related to his actions that gave rise to this case.  Therefore, the Maui Police Department is an alternative source.  HNN understands that the FBI may also have had access to the telephone in question, which the County of Maui does not appear to have attempted to track down.

Importantly, in addition to the phone call recording, Mr. Green would have the other requested information.  Mr. Green was a participant to the communications being sought and, as the requested referral agreements were "between Michael Green, or any law firm associated with Michael Green, and Lynn Kawano, or any business entity that employs Lynn Kawano," he would have copies of such agreements.  While counsel for HNN has already informed the County of Maui that no such agreements exist, certainly if the County thought such information was discoverable, they are free to issue a subpoena to Mr. Green.  HNN believes that such action would readily demonstrate the lack of viability as to

what the County of Maui is attempting to accomplish with the Subpoena that is the subject of this Motion.

In sum, Ms. Kawano, as a journalist, is not a discovery depot for the County of Maui.  The Subpoena should be denied on the basis that Defendant County of Maui has not exhausted all reasonable alternative sources to demonstrate that the requested information is unavailable.

b.   The Information Sought in the Subpoena is Cumulative

The journalist's privilege cannot be overcome where the requested information is cumulative.  See, e.g., Shoen II, 48 F.3d at 417 (noting that the requested material was cumulative as it pertained to an important issue in the litigation that a jury could reasonably infer from an existing deposition); Schoolcraft v. City of N.Y., 2014 U.S. Dist. LEXIS 56033, at *19 (S.D.N.Y. Apr. 18, 2014) (denying part of a subpoena requesting non-confidential recordings because "City Defendants seek these recordings for a solely cumulative purpose, to show that Plaintiff altered potential evidence, which cannot defeat the reporter's privilege") (citing United States v. Burke, 700 F.2d 70, 78 (2d Cir. 1983); United States v. Smith, 1996 U.S. Dist. LEXIS 9310, at *4-5 (E.D. La. July 2, 1996) (quashing a subpoena dues tecum in a criminal matter where the non-confidential outtakes of defendant's false statements were cumulative of other impeaching materials and "[t]here is no compelling government interest in the cumulative

16

material").  A journalist's testimony concerning a conversation is cumulative

where the testimony of the conversation's other participants is available.  See

Parsons, 778 F. Supp. at 219 (finding that the testimony of a journalist, "while

relevant, would be cumulative of the testimony of the participants in the

conversation").

The County of Maui has acknowledged that Plaintiffs have already

testified under oath in their respective depositions as to the nature and content of

their alleged communications with Ms. Kawano.  See Exhibit B at 4.  Regarding

the phone record between Plaintiff Constantino and Defendant Saffeels, Plaintiff

Constantino already divulged the contents of the phone conversation during her

deposition and Defendant County of Maui has indicated that they possess or know

of the transcript of the call.  See id.  Moreover, it is important to recognize that IF

the County of Maui actually does exhaust the alternative means for obtaining

information, such as like motions practice, further deposition, or subpoenas as

described above, then the County of Maui will have multiple versions and/or

options for presenting materials at trial in relation to this matter.  It is apparent that

Ms. Kawano's testimony and newsgathering material would be cumulative of

information already disclosed or easily obtainable from other parties who

participated in the communications alleged to be the basis for the discovery in

17

the Subpoena.  Accordingly, this Motion should be granted because the requests to

Ms. Kawano are cumulative under the multi factor test this Court must consider.

> c.   The Information Sought in the Subpoena is Not
>       Remotely Relevant to the Subject Matter of this Case

The Subpoena seeks information not remotely relevant to the case,

much less "clearly relevant to an important issue in the case."  Shoen II, 48 F.3d at

416.  Courts have established that:

> In order to overcome a claim of journalist's privilege, the party
> seeking discovery bears a far heavier burden in establishing
> relevance than is applicable in the normal discovery
> context.  Pursuant to Shoen II, the party seeking to compel
> disclosure must show actual relevance; a showing of
> potential relevance will not suffice.  Even if the information
> sought may well contain evidence relevant to a claim, if the
> evidence would not, without more, establish the claim,
> actual relevance does not exist.

Wright v. Fred Hutchinson Cancer Research Ctr., 206 F.R.D. 679, 682 (W.D.

Wash. 2002) (citing Shoen II, 48 F.3d at 416-17) (internal quotations and citations

omitted) (emphasis added); see, e.g., Sikelianos v. City of N.Y. (In re Subpoena

Directed to the AP), 2008 U.S. Dist. LEXIS 47560, at *4 (S.D.N.Y. June 18, 2008)

(holding that the requesting party cannot overcome the journalist's privilege by

only showing a particularized need for the requested information, the information

being subpoenaed must provide evidence regarding the issues being alleged).  The

Subpoena requests:

1.      Any attorney referral agreement or client referral agreement between Michael Green, or any law firm associated with Michael Green, and Lynn Kawano, or any business entity that employs Lynn Kawano;

2.      All communications to or from Michael Green, or his employees or agents, relating to Brandon Saffeels; and

3.      All communications with or relating to: (1) Ronda Smythe; (2) Liana Kanno; or (3) Alisha N.K. Constantino.

See Exhibit A, p. 4.

This matter is about Mr. Saffeels' misconduct and the County of Maui's potential liability for failing to observe and/or manage that misconduct under the appropriate standard of care.  Ms. Kawano was not a witness to the events that gave rise to this litigation.  Ms. Kawano in her role as a journalist conducted an independent investigation that exposed Defendant Saffeels' bad behavior in published news reports. Any communications Ms. Kawano had with Plaintiffs cannot, without more, establish any claim in this case.  Instead, all necessary evidence related to the actual underlying facts for this matter or that could support a claim have already been disclosed or are accessible from the participating parties or their counsel.

Further, any referral agreements, or communications between Ms. Kawano and Mr. Green have absolutely nothing to do with this case. HNN can only surmise that the County of Maui is attempting to establish some nefarious plot (that does not exist) for the purpose of distracting from some very bad facts in this case.  That distraction attempt, however, has no chance of resulting in admissible

evidence for a trial, much less actual evidence that supports a claim/defense as required by the Ninth Circuit.  Said differently, Plaintiffs' choice of attorney is simply not at issue, and any information related to Mr. Green would not further any claim or defense.  Moreover, how Plaintiffs were introduced to counsel likewise cannot establish a claim/defense in this case.   Given that the requested information has no actual relevance to the underlying litigation, this Motion should be granted and the Subpoena should be quashed pursuant to the qualified privilege for journalists.

B.   **The Subpoena Seeks Information Not Reasonably Calculated to Lead to Admissible Evidence**

Separate from the journalist's privilege, the Subpoena requests information that is not reasonably calculated to lead to admissible evidence and does not meet the proportionality requirements for the federal rules.  Pursuant to Fed. R. Civ. P. 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is <u>relevant to any party's claim or defense and proportional to the needs of the case.</u>" (Emphasis added).   The courts have concluded that:

> relevance is still to be construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on' any party's claim or defense.  However, [Fed. R. Civ. P. 26(b)(1)] is intended to encourage judges to be more aggressive in identifying and discouraging discovery overuse by

emphasizing the need to analyze proportionality before ordering production of relevant information.

Henry v. Morgan's Hotel Grp., Inc., 2016 U.S. Dist. LEXIS 8406, at *8-9

(S.D.N.Y. Jan. 25, 2016) (granting motion to quash because the information sought

was not directly relevant to the issues in the case and therefore not proportional to

the needs of the case).  Under Fed. R. Civ. P. 26(b)(1), relevance alone will not

justify discovery; discovery must also be proportional to the needs of the case.

McCall v. State Farm Mut. Auto. Ins. Co., 2017 WL 3174914, at *9 (D. Nev. July

26, 2017).  When considering proportionality, the courts may evaluate whether the

discovery must be important to the resolution of the issues in the case, the burden

on the other party, or whether the request matches with the requesting parties

stated justifications.  See O'Connor v. Uber Techs., Inc., 2016 U.S. Dist. LEXIS

3738, at *14-15 (N.D. Cal. Jan. 11, 2016) (concluding that overbroad discovery

fails the proportionality requirements).  Specifically, parties cannot use discovery

as a "fishing expedition" to "search[]for something improper that might give right

to a potential defense, rather than following a lead indicating that impropriety will

be found."  MP Nexlevel of Cal., Inc. v. CVIN, LLC, 2016 U.S. Dist. LEXIS

48621 *13 (E.D. Cal Apr. 11, 2016).

Defendant County of Maui is engaging in a fishing expedition by

making an overly broad discovery request on the off chance that it can unearth

21

something improper that might give rise to a potential defense.  Plaintiffs'

depositions provide no lead indicating impropriety will be found concerning their

communications with Ms. Kawano.  <u>See</u> Exhibit H at 3-4, 6, 9.  Ms. Kawano's

interview with Plaintiff Smythe was "[j]ust a couple questions on the phone,

nothing formal."  <u>See</u> <u>id.</u> at 9.  Plaintiff Constantino cannot even recall whether she

gave Ms. Kawano the phone recording Defendant County of Maui indicates, "is at

the very heart of Ms. Constantino's case" (although she gave the phone recording

to her attorney).  <u>See</u> <u>id.</u> at 4.  Moreover, there is no relevance tying Plaintiffs'

acquisition of Mr. Green's legal services and the resolution of any issue in this

case.  Defendant County of Maui's stated justification for the Subpoena are

baseless.  The Court should quash the Subpoena as it is not relevant or proportional

to the needs of the case.

    C.    The Subpoena Seeks Information that Could be Obtained from <u>Actual Parties to the Present Action</u>

        Separate from the analysis of the journalist's privilege, the Subpoena

requests information and documents that either have been, or could be, obtained

from parties to the case, including Plaintiffs, Defendant Saffeels, or their respective

attorneys' files.  Pursuant to Fed. R. Civ. P. 45(d)(2)(B)(ii), "[i]n general, there is a

preference for parties to obtain discovery from one another before burdening non-

parties with discovery requests."  <u>Genus Lifesciences Inc. v. Lannett Co.</u>, 2019

1137907.1

U.S. Dist. LEXIS 222550 *10-11 (N.D. Cal. Dec. 30, 2019) (citing <u>Soto v.</u>

<u>Castlerock Farming & Transp.</u>, Inc., 282 F.R.D. 492, 505 (E.D. Cal. 2012)).  As

such, "[a] courts must also limit discovery if it…can be obtained from a source that

is more convenient or less burdensome," such as the opposing party.  <u>Ow v. United</u>

<u>States</u>, 2018 U.S. Dist. LEXIS 227748, at *2 (N.D. Cal. June 12, 2018) (granting in

part a motion to quash because "Plaintiffs fail to demonstrate that they could not

have obtained the documents regarding communications and/or writings between

the Port and Defendant directly from Defendant"); <u>see</u>, <u>e.g.</u>, <u>Genus Lifesciences</u>

<u>Inc.</u>, 2019 U.S. Dist. LEXIS 222550 *10-11 ("Further, when an opposing party and

a non-party both possess documents, the documents should be sought from the

party to the case"); <u>Sagebrush Sols., LLC v. Health Mgmt. Sys. (In re CareSource</u>

<u>Mgmt. Grp. Co.)</u>, 289 F.R.D. 251, 253-54 (S.D. Ohio 2013) (holding that the court

will not burden a non-party with producing documents that are available from the

opposing party); <u>Cleveland Clinic Health Sys.-E. Region v. Innovative Placements,</u>

<u>Inc.</u>, 2012 WL 187979, at *2 (N.D. Ohio Jan. 23, 2012) (granting motion to quash

non-party subpoena where "[plaintiff] can provide (and seemingly has already

provided) all of the relevant and discoverable documents and information to the

[defendants]").

   Ms. Kawano, a non-party, is unduly burdened by the Subpoena, as the

requested information is obtainable from Plaintiffs and Defendant Saffeels.  While

23

Plaintiffs denied possessing and/or refused to produce the requested documents, Defendant has made no further efforts to acquire the requested documents from Plaintiff.  Further, it appears that Plaintiffs produced the relevant information to Defendant through their depositions and other documents.  Moreover, to the extent that those parties are unable to produce records because their attorneys wrongfully misplaced them or just refuse to produce them, Defendant County of Maui should take the appropriate actions against those parties and individuals, such as through a motion to compel or sanctions.

V.   <u>CONCLUSION</u>

Based on the foregoing, HNN respectfully requests that the Court issue order quashing the Subpoena.

DATED: Honolulu, Hawaii, November 26, 2022.

/s/ David R. Major
DAVID R. MAJOR
Attorney for GRAY MEDIA GROUP INC.,
D/B/A KGMB/KHNL and LYNN
KAWANO