| | | |
|---|---|---|
| **MICHAEL P. VICTORINO**<br>Mayor<br><br>**MOANA M. LUTEY**<br>Corporation Counsel<br><br>**RICHELLE M. THOMSON**<br>First Deputy<br><br>**LYDIA A. TODA**<br>Risk Management Officer | <br><br>DEPARTMENT OF THE CORPORATION COUNSEL<br>COUNTY OF MAUI<br>200 SOUTH HIGH STREET, 3ʳᴰ FLOOR<br>WAILUKU, MAUI, HAWAII 96793<br>EMAIL: CORPCOUN@MAUICOUNTY.GOV<br>TELEPHONE: (808) 270-7740<br>FACSIMILE: (808) 270-7152 |  |

November 1, 2022

**VIA EMAIL & U.S. MAIL**

Mr. David R. Major, Esq.                           (dmajor@legalhawaii.com)
Lung Rose Voss & Wagnild
Topa Financial Center
700 Bishop Street, Suite 900
Honolulu, Hawaii 96813

    Re:   *Ronda Smythe, et al. v. Brandon Saffeels, et al.*
           U.S. District Court Civil No.: CV 21-00056 LEK-RT
           *Alisha N.K. Constantino v. Brandon Saffeels, et al.*
           U.S. District Court Civil No.: CV21-00316 LEK-RT

Dear Counsel:

    We are in receipt of your letter dated October 31, 2022 which was sent in response to the Subpoena to Testify at a Deposition in a Civil Action, issued on October 13, 2022 to Lynn Kawano. As I explained to you on our initial meet and confer call, the County does not usually send subpoenas to reporters and is not interested in obtaining information that Ms. Kawano received from confidential sources. We are serving the subpoena after very careful consideration. The unique facts of this case, however, require the County to subpoena Ms. Kawano because she made herself a witness through her involvement in this lawsuit beyond that of a normal reporter.

    In particular:

- Plaintiffs Ronda Smythe, Lianna Kanno, and Alisha Constantino all testified that they hired their attorney in this action – Mr. Michael Green – at the suggestion of Ms. Kawano;

**EXHIBIT G**

- Ms. Kawano held her initial report in which she interviewed Ms. Constantino until Ms. Constantino hired Mr. Green;

- At issue in this case is whether Ms. Smythe and Ms. Kanno's claims are barred by the statute of limitations. Since Ms. Kawano may be the first person to alert Plaintiffs of their potential legal claims against the County, she has relevant information;

- County believes that Mr. Green has a close relationship with Ms. Kawano based on the fact that (1) Ms. Kawano used her position as a journalist to help Mr. Green get clients; (2) Ms. Kawano has interviewed Mr. Green in multiple stories – over a half dozen in the last year – including reports on legal cases in which Mr. Green has no direct involvement; and (3) Ms. Kawano has identified Mr. Green a "legal expert" in multiple news reports. The County believes that Ms. Kawano and Mr. Green worked hand-in-glove to develop a news story that contains a number of factual inaccuracies but would help the Plaintiffs' legal position in a lawsuit against the County; and

- Despite multiple requests to Plaintiffs, none of them have produced written communications with Ms. Kawano and Ms. Constantino has failed to produce a full copy of her recorded phone call with Mr. Saffeels, a phone call which is at the heart of her case against the County. Since Ms. Kawano reported on that call, and played a portion of it on a newscast, she likely has relevant information about the call that the County cannot obtain from Plaintiffs.

If Ms. Kawano files a motion to quash the subpoena, we believe the County will prevail for the following reasons:

1. **The journalist's privilege does not apply because Ms. Kawano was functioning as an advisor to plaintiffs, not as a reporter.** The County does not seek anything from Ms. Kawano that is confidential or has not already been published. To the contrary, the County seeks information relating to Ms. Kawano's observations of plaintiffs, her close relationship with plaintiffs' counsel, and the reasons why Ms. Kawano held her story about plaintiffs until they hired Mr. Green as their attorney. Since the County is not seeking confidential information, but instead is asking about Ms. Kawano's own personal involvement in this case and communications and relationship with plaintiffs' counsel, the journalist's privilege is inapplicable. *Dillon v. City and County of San Francisco*, 748 F. Supp 722, 726 (N.D. Cal. 1990) (holding that the privilege did not apply to the personal observations of a reporter who "has not been asked

Mr. David R. Major Esq.
November 1, 2022
Page | 3

to reveal any confidential sources or information, nor has been requested to produce or discuss any resource materials"); *Diaz v Eighth Judicial District Court*, 993 P 2d 50, 59 (Nev. 2000) ("We emphasize that our decision today extends protection only to the journalist's newsgathering and dissemination activities within the journalist's professional capacity Nevada's news shield statute provides no protection for information gathered in other capacities.").

It is clear that Ms. Kawano has not confined herself to newsgathering, but has become an advisor to the plaintiffs. In particular, Ms. Kawano appears to have advised Plaintiffs that they may have legal claims, that they should hire a specific attorney with whom Ms. Kawano has a long-standing relationship with (Mr. Green), and waited until Ms. Constantino hired Mr. Green before publishing her story on the news so that she could work with Mr. Green in forming the story.

2. **Even if it does apply, the qualified journalist's privilege to non-confidential documents is easily overcome.** It is well settled law that the journalist's privilege is only a qualified, not absolute, privilege. *See Shoen v. Shoen*, 5 F.3d at 1292-93 ("[T]he privilege is a qualified one, not absolute … the process of deciding whether the privilege is overcome requires that the claimed First Amendment privilege and the opposing need for disclosure be judicially weighed in light of the surrounding facts, and a balance struck to determine where lies the paramount interest."); *Farr v. Pitchess*, 522 F.2d 464, 467-68 (9th Cir. 1975) (the federal privilege is a "limited" one that protects only "the right of the newsmen to keep secret a source of information"); *Ayala v. Ayers*, 668 F. Supp. 2d 1248, 1250 (S.D. Cal. 2009). Where the information sought is not confidential, a civil litigant seeking to overcome an assertion of the journalist's privilege by a nonparty must establish that the requested material is: "(1) unavailable despite exhaustion of all reasonable alternative sources; (2) noncumulative; and (3) clearly relevant to an important issue in the case. We note that there must be a showing of actual relevance; a showing of potential relevance will not suffice." *Shoen*, 48 F.3d at 416. That test is easily met here:

   a. <u>Exhaustion of all reasonable alternative sources</u>. The County served Rule 34 document production requests upon each of the plaintiffs, requesting all communications relating to their claims in this action, and followed up with specific requests for the documents sought in the subpoena to Ms. Kawano (see Exhibit 1).

Mr. David R. Major Esq.
November 1, 2022
Page | 4

> Because all of the plaintiffs testified under oath that they communicated with Ms. Kawano and Ms. Kawano told them to hire Mr. Green, it is clear that defendants have not received all of the written communications from between plaintiffs and Ms. Kawano. There is no known source of the additional documents other than Ms. Kawano. The County has, therefore, exhausted all reasonable alternative sources of the requested documents. In addition, Ms. Constantino testified that she recorded a call with Mr. Saffeels but no longer has a copy of that recording in her possession. The transcript of that call appears to show that (1) Ms. Constantino and Mr. Saffeels had a preexisting relationship and (2) Ms. Constantino initiated the phone call. Ms. Kawano reported the opposite; she reported that (1) Ms. Constantino and Mr. Saffeels did not have a preexisting relationship and (2) that Mr. Saffeels initiated the call. It therefore is likely that Ms. Kawano has information that is not available to the County, including a full record of the call at issue.
>
> b. <u>It is not cumulative of any information already produced by Plaintiffs</u>. The requested documents are not cumulative because they contain information that the County cannot obtain elsewhere. Unlike the prototypical case of the journalist's privilege, the reporter in this case has not only gathered information relating to the alleged facts that form the basis for plaintiffs' claims, but may have also alerted Plaintiffs of potential legal claims, suggested they hire a specific attorney, and worked with that attorney to report on issues relating to Plaintiffs. The requested documents are unique, and not cumulative.
>
> c. <u>It is clearly relevant to the issues of the case</u>. One of the issues in this case is whether plaintiffs' claims are barred by the statute of limitations and when they had actual or constructive notice of their claims. Since Ms. Kawano advised them that they may have legal claims and should hire Mr. Green to file this action, she has relevant information. Plaintiffs' communications with Ms. Kawano may help determine whether Plaintiffs can assert a valid exception to the statute of limitations defense. In addition, Ms. Constantino testified that she could not remember who initiated the phone call at issue in this case but Ms. Kawano reported that Mr. Saffeels initiated that call. Ms. Kawano may have information or

documents that may help show which party initiated the phone call that is at the very heart of Ms. Constantino's case. Moreover, Ms. Kawano's own reporting appears to contradict other evidence obtained by the County regarding the relationship between Ms. Constantino and Mr. Saffeels. Finally, Ms. Kawano appears to have recommended that all of the plaintiffs hire a friend and attorney that provides interviews to Ms. Kawano regularly. If Ms. Kawano and Mr. Green worked together to formulate a news report about the events in this case that contained knowingly false information, that would be relevant to show the veracity of Plaintiffs' allegations.

3. **Ms. Kawano waived the journalist's privilege through her deep, personal involvement with plaintiffs' counsel.** Like other privileges, the journalist's privilege may be waived. *Ayala*, 668 F. Supp. 2d at 1250; In *Ayala*, Judge Moskowitz gave two examples when, "[i]n the interests of fairness," a waiver should be found: (1) "a journalist/author should not be permitted to disclose information to advance the interests of one litigant and then invoke the journalist's privilege to prevent discovery of this same information by another litigant;" and (2) "the party attempts to use the privilege both as a shield and a sword by making selective disclosures." *Id; see also Michael v. Estate of Kovarbasich*, 2015 WL 8750643, *4 (C.D. Cal. 2015) (recognizing that "courts may find that a journalist has impliedly waived the privilege when" publication of limited materials prejudiced a party). An implied waiver of the privilege occurred here for two reasons: First, the journalist disclosed information to Mr. Green which advances the interests of one litigant. All three Plaintiffs in this case – Ms. Smythe; Ms. Kanno; and Ms. Constantino – testified in deposition that they hired Mr. Green as their attorney because Ms. Kawano recommended him and helped them get in touch with Mr. Green. There is also evidence that Ms. Kawano held her initial story on the facts at issue in this case until Ms. Constantino hired Mr. Green since Mr. Green appears in Ms. Kawano's initial report. These facts tend to show that Ms. Kawano provided Mr. Green with information that she is unwilling to share with other litigants in this case and therefore waived any journalist's privilege. Second, Ms. Kawano reported facts that are contrary to the information she purportedly had about the phone call between Ms. Constantino and Mr. Saffeels, as described above. We suspect this was done in concert with Mr. Green to advance Ms. Constantino's position in this litigation.

Mr. David R. Major Esq.
November 1, 2022
Page | 6

4. **We are willing to work with you to resolve any objections relating to the claimed "undue burden."** Ms. Kawano objects to the subpoena due to the "unreasonable amount of time to comply with the deposition and production of documents." I have asked you and Ms. Kawano's prior attorney once whether you would be willing to accept service of a subpoena that sets a later return date, to accommodate Ms. Kawano's busy schedule or if Ms. Kawano needs additional time to search for those documents. You have rejected that offer. We are also willing to negotiate a reasonable scope of the subpoena, but thus far you seem unwilling to do that as well. We reserve the right to serve Ms. Kawano with another subpoena to provide her with sufficient time to comply, and hope that you would accept that subpoena on her behalf.

We are available for a telephonic meet and confer at your convenience. Please reach out to Ms. Richelle Kawasaki at 808-270-7589 at your earliest convenience so that we can resolve these issues in a timely manner.

Respectfully,

*[signature]*

Keola R. Whittaker
Deputy Corporation Counsel
County of Maui

KRW/cs

| | |
|---|---|
| From: | Paul Smith |
| To: | Keola Whittaker |
| Cc: | Graham Resell |
| Subject: | Re: Meet and Confer re documents responsive to requests -Constantino/Smythe v. Saffeels |
| Date: | Monday, October 31, 2022 7:49:23 AM |

Hi Keola- we've produced everything in our possession.

I've reached out to Mr. Green's office if he has any documents you are seeking.

Thanks, Paul Smith
Revere & Associates

On Tue, Oct 18, 2022 at 3:25 PM Keola Whittaker <Keola.R.Whittaker@co.maui.hi.us> wrote:

> Paul,
>
> We have become aware of materials held by Plaintiffs and/or attorney Michael Green that should have been produced in response to our requests for production of documents. Those include:
>
> 1. Call recordings Ms. Constantino provided to Mr. Green.
> 2. Communications between Mr. Green and Lynn Kawano.
> 3. Communications between Plaintiffs and Lynn Kawano.
>
> Please produce these materials or confirm that they are not in Plaintiffs custody, possession, or control. Thank you.
>
> Keola Whittaker
>
> Deputy Corporation Counsel
>
> County of Maui
>
> 200 High Street, 3rd Floor
>
> Wailuku, Hawaii 96793
>
> Ph: (808) 270-7740 (main)